NOLAN HEIMANN LLP
Jordan Susman, Esq. (SBN 246116)
Margo Arnold, Esq. (SBN 278288)
16000 Ventura Boulevard, Suite 1200
Encino, California 91436
Telephone: (818) 574-5710
E-mail: jsusman@nolanheimann.com
                marnold@nolanheimann.com

Attorneys for Plaintiff
Sideshow, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDESHOW, INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>LINDA IRISH dba LM TREASURES, an individual; MICHAEL IRISH dba LM TREASURES, an individual; IRISH HOLDINGS, INC. dba LM TREASURES, a California corporation; and JOHN DOES 1-5,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**1. FEDERAL TRADEMARK INFRINGEMENT PURSUANT TO 15 U.S.C. § 1114**<br><br>**2. FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(A)**<br><br>**3. COMMON LAW TRADEMARK INFRINGEMENT)**<br><br>**4. UNFAIR COMPETITION, CAL. BUS. & PROF. CODE § 17200**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sideshow, Inc., by and through its undersigned attorneys, alleges upon knowledge as to itself and its own acts and alleges upon information and belief as to all other matters, brings this Complaint.

## PARTIES

1. Plaintiff Sideshow, Inc. ("Sideshow"), is a California corporation organized and existing under the laws of California, with its principal place of business in Ventura County, California.

2. Defendant Linda Irish is an individual doing business as LM Treasures who, on information and belief, resides in San Bernadino County, California.

3. Defendant Michael Irish is an individual doing business as LM Treasures who, on information and belief, resides in San Bernadino County, California.

4. Defendant Irish Holdings, Inc. is a California corporation doing business as LM Treasures that has a principal place of business in San Bernadino County, California.

5. Sideshow is unaware of the true names and capacities of the Defendants sued herein as Does 1 through 5, and therefore sues these Defendants by such fictitious names. Sideshow will amend this Complaint to allege their names and capacities when ascertained. Each such fictitiously named Defendant is responsible in some manner for the damages alleged herein and Sideshow's losses and damages were proximately caused by such conduct.

6. At all times relevant herein, each of the Defendants was the agent, representative, and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such relationship and each of the Defendants approved and ratified the conduct of each of the remaining Defendants.

## JURISDICTION AND VENUE

7. This is an action for federal trademark and trade dress infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* and common law trademark infringement in violation of California state law.

8. This court has original jurisdiction over the federal trademark and trade dress infringement and unfair competition claims pursuant to 15 U.S.C. §§ 1121 and 1125 and 28 U.S.C. §§ 1331 and 1338.

9. Supplemental jurisdiction is proper for the state law claims under 28 U.S.C. § 1367(a) because the claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. § 1391(b) because: (1) Defendants' tortious conduct has occurred in this district; (2) Defendants conduct regular and systematic business in this district; and/or (3) a substantial part of the events or omissions giving rise to the claim occurred in this district.

## STATEMENT OF FACTS

### Sideshow's Business and Trademark

11. Sideshow is an American specialty manufacturer of movie, film, television and collectible action figures, life-size statues, and high-end pieces.

12. Sideshows' products sell for thousands of dollars and are currently sold in specialty, trend, collectible and comic shops both in the US and internationally.

13. Sideshow has operated using the trademarks "Sideshow" and "Sideshow Collectibles" since November 30, 1998, and registered the trademarks with the United States Patent and Trademark Office in April 2017 (Serial No. 87188578) and April 2007 (Serial No. 78445670), respectively, for, among other things, busts, statuettes, and collectible toy figures (the "Sideshow Marks").

14. Sideshow's action figures, life-size statues, and high-end pieces are known for their superior quality and craftsmanship. The statute molds are hand-sculpted, and many products include hand-painted finishing details.

### Defendants' Infringing Activities

15. Defendants purport to be the largest distributor of life size statues in the United States.

16. On Defendants' website, lmtreatsures.com, they claim "All our items are produced from a durable high quality polyester resin, hand laminated and fully reinforced with **FIBERGLASS**. These are NOT to be confused with the thousands of low cost, unenforced highly brittle **POLY RESIN** castings coming out of China." (emphasis in original).

17. Upon information and belief, Defendants also operates an illegal side business where they purchase counterfeit versions of Sideshow's busts, statutes, and figurines through Chinese manufacturers (the "Counterfeit Products") and sell the Counterfeit Products on their website lmtreasures.jp.

18. Defendants use the Sideshow Marks to identify the Counterfeit Products. *See* **Exhibits 1-11**.

19. To illustrate the Counterfeit Products, Defendants use Sideshow's product photos. *See* **Exhibits 1-11**.

20. Sideshow's product photos also each depict the Sideshow Marks.

21. Defendants' use of the Sideshow Marks and of Sideshow's product photos was without permission or consent.

22. On information and belief, Defendants are using the Sideshow Marks to identify the Counterfeit Products in order to exploit and trade on the longstanding goodwill, reputation, and success of Sideshow's products and to create a likelihood of consumer confusion in the marketplace.

23. On information and belief, Defendants are trying to confuse the consumer into believing that they are a licensed Sideshow product distributor and into purchasing the Counterfeit Products from Defendants rather than the authentic products from Sideshow directly or from an authorized distributer.

24. Defendants have actual knowledge of the Sideshow Marks and know that they are used by Sideshow to identify busts, statutes, and figurines.

25. Accordingly**,** Defendants' trademark infringement is willful.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement Pursuant to 15 U.S.C. § 1114)

26. Sideshow refers to the allegations contained in the preceding Paragraphs and incorporates them by reference as though fully set forth herein.

27. Sideshow exclusively owns the federally registered Sideshow Marks identified in Paragraph 13, which are valid and enforceable.

28. Sideshow has used the Sideshow Marks in interstate commerce in connection with busts, statues, and figurines.

29. Without authorization or permission, Defendants have used in commerce and continue to use in commerce the Sideshow Marks.

30. Defendants' unauthorized use of the Sideshow Marks has caused, and will continue to cause, confusion, mistake, or deception in the relevant consumer market.

31. Defendants' unauthorized use of the Sideshow Marks constitutes infringement of a federally registered trademark in violation of 15 U.S.C. § 1114.

32. Defendants' acts of infringement constitute willful and intentional infringement of the Sideshow Marks, and Defendants did so with the intent to trade upon Sideshow's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that the Counterfeit Products are associated with, sponsored by, approved by, and/or originating from Sideshow when they do not.

33. Defendants had actual knowledge of Sideshow's ownership and prior use of the Sideshow Marks and have willfully violated 15 U.S.C. § 1114.

34. Defendants' infringing acts have caused and will continue to cause Sideshow to suffer irreparable injury to its reputation and goodwill.  Sideshow does not have an adequate remedy at law to recover for this harm, and it is therefore entitled to injunctive relief.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition Under 15 U.S.C. § 1125(a))

35. Sideshow refers to the allegations contained in the preceding Paragraphs and incorporates them by reference as though fully set forth herein.

36. Sideshow has been using the Sideshow Marks on and in connection with busts, statutes, and figurines in interstate commerce since 1998 and has developed substantial goodwill in these marks in the entire United States as well as internationally, prior to Defendant's adoption and use of the Sideshow Marks in commerce.

37. Defendants' use of the Sideshow Marks in interstate commerce in competition against Sideshow is likely to cause mistake, and/or to deceive as to an affiliation, connection, or association of Defendants with Sideshow, and/or as to the origin, sponsorship, and/or approval by Sideshow of Defendants' goods or commercial activities related to Defendants' Counterfeit Products.

38. Defendants are therefore engaged in unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and has caused Sideshow irreparable harm by the infringement and Sideshow has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

39. Sideshow refers to the allegations contained in the preceding Paragraphs and incorporates them by reference as though fully set forth herein.

40. Sideshow owns common law trademark rights in the Sideshow Marks and all such rights owned by Sideshow are superior to any rights that the Defendants may claim to have.

41. Defendants' unauthorized use of the Sideshow Marks, in connection with the sale of busts, statutes, and figurines is likely to cause confusion as to the source or sponsorship of these goods, and likely to lead the public to believe that Sideshow is affiliated with or sponsors or endorses Defendants and/or Defendants' Counterfeit Products, and is likely to mislead persons in the ordinary course of purchasing Defendants' Counterfeit Products, and induce them to believe they are purchasing

genuine goods of Sideshow, thereby injuring the reputation and goodwill and unjustly diverting from Sideshow to Defendants the benefits arising therefrom.

42. Defendants' acts of trademark infringement are continuing to be committed willfully, knowingly, intentionally, and in bad faith.

43. Defendants' acts of trademark infringement will continue to cause Sideshow irreparable damage, loss, and injury for which Sideshow has no adequate remedy at law.

## FORTH CLAIM FOR RELIEF

### (Unfair Competition, Cal. Bus. & Prof. Code § 17200)

44. Sideshow refers to the allegations contained in the preceding Paragraphs and incorporates them by reference as though fully set forth herein.

45. As set forth above, Defendants have engaged in unlawful business acts or practices, including trademark infringement, in an effort to gain unfair competitive advantage by trading on Sideshow's efforts and reputation.

46. Defendants' acts and conduct constitute unlawful competition as defined by California Bus. & Prof. Code §§ 17200 *et seq*.

47. In light of Defendants' conduct, it would be inequitable to allow Defendants to retain the benefit of any funds obtained through their unauthorized and unlawful use of the Sideshow Marks

48. As a result of Defendants' unfair competition, Sideshow has suffered damages through lost sales of collectible products, lost profits, as well as the continuing damage to Sideshow's business, goodwill, and reputation. Sideshow has suffered and continues to suffer immediate and irreparable injury for which there is no adequate remedy at law, and unless Defendants are enjoined from such unfair competition, Sideshow will continue to suffer irreparable injury. Sideshow is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Sideshow prays for an award against Defendants as follows:

1. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Sideshow's trademarks;

2. For actual damages and disgorgement of all profits derived by Defendants from their acts of trademark infringement, and for all damages suffered by it by reasons of Defendants' acts,

3. For treble damages;

4. For the Court to award Sideshow its reasonable costs, expenses and attorney's fees pursuant to the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*;

5. For preliminary and permanent injunctions restraining and enjoining Defendants, and all persons acting in concert with them, from copying the Sideshow Mark or further distributing, displaying, or selling infringing products based thereon;

6. For preliminary and permanent injunctions restraining and enjoining Defendants, and all persons acting in concert with them, from copying the Sideshow Mark or further distributing, displaying, or selling infringing products based thereon;

7. For preliminary and permanent injunctions requiring that Defendants to provide Sideshow over all Counterfeit Products in their possession, custody, or control.

8. For pre-judgment and post-judgment interest according to proof and to the maximum extent allowed by law;

9. For such other and further relief as the Court may deem just and proper.

Dated:     November 1, 2024                    NOLAN HEIMANN, LLP

                                               By: _____
                                                   Jordan Susman
                                                   Sideshow, Inc.

**DEMAND FOR JURY TRIAL**

Sideshow hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated:   November 1, 2024                     NOLAN HEIMANN, LLP

By: _____
Jordan Susman
Sideshow, Inc.